UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PROBADO TECHNOLOGIES CORPORATION, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-349 |
| | § | |
| SMARTNET, INC., | § § | |
| Defendant. | § | |

## **ORDER**

On this day came on to be considered Defendant Smartnet, Inc.'s Rule 12(b)(6) Motion to Dismiss. (D.E. 6.) For the reasons stated below, the Court DENIES AS MOOT Defendant's Motion to Dismiss without prejudice. (D.E. 6.)

### I.     Procedural Background

The Original Complaint in this action was filed on December 21, 2009. (D.E. 1.) Defendant filed its Motion to Dismiss on January 28, 2010. (D.E. 6.) Subsequently, Plaintiff filed its operative First Amended Complaint on February 26, 2010. (D.E. 23.) The First Amended Complaint included numerous factual allegations that were not in the Original Complaint.

### II.     Discussion

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); see Carroll v. Fort James Corp, 470 F.3d 1171, 1176 (5th Cir. 2006). If an amended complaint does not incorporate the earlier pleading, a court may deny as moot a

motion to dismiss that was filed before the operative amended complaint. See <u>Timberlake v. Synthes Spine, Inc.</u>, 2010 U.S. Dist. LEXIS 17440, *10-11 (S.D. Tex. Feb. 25, 2010) ("Because the currently pending motion to dismiss addresses only the claims in Plaintiffs' Fourth Amended Original Complaint, the Court DENIES the Spine Defendants' Motion to Dismiss . . . as moot."); see also <u>Vinewood Capital, LLC v. Dar Al-Maal Al-Islami Trust</u>, 295 Fed. Appx. 726, 729 (5th Cir. 2008).

In this case, the First Amended Complaint (D.E. 23) was filed after Defendant's pending Motion to Dismiss (D.E. 6). The First Amended Complaint does not refer to, adopt, or incorporate by reference earlier pleadings. (D.E. 23.) Thus, Plaintiff's operative First Amended Complaint is the only effective complaint. See <u>King</u>, 31 F.3d at 346 ("Applying this rule, [plaintiff's] second amended complaint is the only effective complaint."). Because Defendant's Motion to Dismiss was filed before the operative First Amended Complaint and only addresses the non-operative Original Complaint, this Court DENIES AS MOOT Defendant's 12(b)(6) Motion to Dismiss without prejudice. (D.E. 6.)

SIGNED and ORDERED this 12th day of March, 2010.

_____
Janis Graham Jack
United States District Judge