UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PROBADO TECHNOLOGIES | § | |
| CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-349 |
| | § | |
| SMARTNET, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered Plaintiff Probado Technologies Corporation's ("Probado") Motion to Reconsider Order Granting Defendant's Motion for Summary Judgment. (D.E. 56.)  For the reason discussed below, Plaintiff's motion is DENIED.

**I.      Factual and Procedural Background**

Defendant SMARTnet, Inc. ("SMARTnet") filed its Motion for Summary Judgment on September 16, 2010.  (D.E. 47.)  Pursuant to Federal Rule of Civil Procedure 56(c), "a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due."  The Local Rules require responses to opposed motions within twenty-one days from filing, and failure to respond is considered a representation of no opposition.  S.D. TEX. LOCAL RULES 7.3, 7.4.  Plaintiff was thus required to respond to the motion by October 7, 2010.  Plaintiff did not respond to the motion and on November 8, 2010, this Court considered the motion on its merits and granted summary judgment.  (D.E. 55.)

**II.     Discussion**

Plaintiff now claims that its failure to respond to the Motion for Summary Judgment was inadvertent and this Court should reconsider its ruling under Federal Civil Rule of Procedure

60(b) ("Rule 60(b)").  Rule 60(b) states, "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."  (D.E. 56, p. 1.)  Plaintiff claims that because Defendant allegedly served him with only seven out of the forty exhibits to the motion, "Probado believed that SmartNet had abandoned its Motion for Summary Judgment."  (D.E. 56, p. 2.)  Such belief is unfounded.

The Court's electronic docketing system, CM/ECF, automatically sends an email to the Court and listed counsel when a motion is filed.  On September 16, 2010 at 9:35 am, CM/ECF sent an email of Defendant's Motion for Summary Judgment that included a link to all 40 exhibits.[1]  That email states that "Notice has been electronically mailed to . . . John C. Holmgreen, Jr.," counsel for the Plaintiff.  Thus, even if Plaintiff did not receive the exhibits directly from Defendant, the Court's CM/ECF system indicates Plaintiff was still electronically served with the motion and its exhibits.  In addition, the Court's docket sheet, available to counsel through PACER, listed the Motion for Summary Judgment as active without any indication that it was struck or withdrawn.  Thus, this Court finds that Plaintiff did not have a valid excuse for failing to respond to the Motion for Summary Judgment.

Denial of Plaintiff's motion is consistent with Fifth Circuit precedent.  In Lowndes v. Global Marine Drilling Co., the Fifth Circuit upheld a district court's denial of a motion for reconsideration under Rule 60(b) when there was no valid excuse for the party's failure to respond.  Lowndes, 909 F.2d 818, 819-20 (5th Cir. 1990).  The Fifth Circuit found that Rule 60(b) does not negate the importance of "cutoff dates established by the district court in the orderly administration of the matters before it."  Id. at 820.  Like Lowndes, Plaintiff in this case had no valid excuse for its delayed response.  Id. at 819.  Also like the district court in Lowndes,

---

[1] Although Plaintiff complains that it did not receive all the exhibits when served the Motion for Summary Judgment from Defendant, there is no indication that Plaintiff sought to obtain the other exhibits.

this Court considered the merits of the summary judgment motion before it entered judgment.

Id.  Therefore, pursuant to Lowndes, this Court denies Plaintiff's Rule 60(b) motion.[2]

## III.    Conclusion

For the reasons stated above, Plaintiff's Motion for Reconsideration (D.E. 56) is DENIED.

SIGNED and ORDERED this 9th day of November, 2010.

Janis Graham Jack
United States District Judge

---

[2] Plaintiff's reliance on Hibernia National Bank v. Administracion Central, S.A., 776 F.2d 1277 (5th Cir. 1985) is misguided.  In Hibernia, the court found excusable neglect for a party's three day tardy response to a motion for summary judgment.  Id.  Hibernia is distinguishable on three grounds.  First, in Hibernia, it was unclear whether the district court considered the merits of the motion for summary judgment.  Lowndes, 909 F.2d at 819.  Here, this Court clearly considered the merits of the motion and all available summary judgment evidence. (D.E. 55.)  Second, in Hibernia, parties agreed to allow the plaintiff to file his response three days after the deadline.  Hibernia, 776 F.2d at 1278.  Here, Plaintiff's response was over a month overdue when this Court entered judgment and parties never agreed to extend the response time.  Finally, the court in Hibernia found that the arguments in opposition to summary judgment, if proven, may be meritorious.  Id. at 1280 n.2.  Here, the merits of Plaintiff's opposition are suspect.  Plaintiff's motion to reconsider does not dispute that Plaintiff admitted in a letter to the government that "a subcontract between SMARTnet and Probado Technologies has not been consummated."  (D.E. 47, Exh. 38.)