UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PROBADO TECHNOLOGIES CORPORATION, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. C-09-349 |
| SMARTNET, INC., | § § § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered Plaintiff Probado Technologies Corporation's ("Probado") Motion to Alter or Amend Judgment. (D.E. 60.) For the reason discussed below, Plaintiff's motion is DENIED.

### I.    Factual and Procedural Background

Defendant SmartNet, Inc. ("SmartNet") filed its Motion for Summary Judgment on September 16, 2010. (D.E. 47.) Pursuant to Federal Rule of Civil Procedure 56(c), "a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due." The Local Rules require responses to opposed motions within twenty-one days from filing, and failure to respond is considered a representation of no opposition. S.D. TEX. LOCAL RULES 7.3, 7.4. Plaintiff was thus required to respond to the motion by October 7, 2010. Plaintiff did not respond to the motion and on November 8, 2010, this Court considered the motion on its merits and granted summary judgment. (D.E. 55.)

After the Court granted summary judgment, Plaintiff filed a Motion to Reconsider. (D.E. 56.) Plaintiff argued that it did not respond to the Motion for Summary Judgment because it believed "SmartNet had abandoned its summary judgment motion." (D.E. 56.) The docket sheet, however, showed that SmartNet never withdrew the motion and the Court never struck the

motion. This Court denied Plaintiff's Motion to Reconsider finding that "Plaintiff did not have a valid excuse for failing to respond to the Motion for Summary Judgment." (D.E. 57.)

Plaintiff now brings a Motion to Alter or Amend Judgment arguing that "[t]he judgment should be vacated on the basis of additional evidence that was not available to Probado prior to the deadline for responding to the motion for summary judgment." (D.E. 60, p. 2.) Specifically, Plaintiff argues that the deposition testimony of Keith Wilson, a corporate representative of SmartNet, was not available until after the summary judgment deadline passed. (D.E. 60, p. 2.) Mr. Wilson's deposition began on September 24, 2010. (D.E. 60, p. 2.) The deadline to respond to the Summary Judgment Motion was October 7, 2010. Plaintiff agreed to recess Mr. Wilson's deposition and the deposition concluded on October 15, 2010. (D.E. 60, p. 2.) The Court entered summary judgment on November 8, 2010. (D.E. 55.) The Court considers Plaintiff's Motion to Alter or Amend Judgment below.

## II.   Discussion

"Under extraordinary circumstances, a court may entertain a motion for reconsideration in the light of evidence not in the summary judgment record." See Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). However, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." ICEE Distributors, Inc. v. J&J Snack Foods Corp., 445 F.3d 841, 847 (5th Cir. 2006). A district court has "considerable discretion" when deciding whether to grant a Rule 59(e) motion for reconsideration. Id. at 848. For the three reasons discussed below, this Court finds that Plaintiff does not have a valid excuse for its failure to provide evidence at the time of summary judgment.

First, the Fifth Circuit has found that denial of a motion for reconsideration is appropriate when facts "were plainly available or easily discovered before summary judgment." ICEE

Distribs. Inc., 445 F.3d at 848. In this case, Plaintiff admits that the deposition of Keith Wilson began on September 24, 2010, almost two weeks before Plaintiff's response to the Summary Judgment Motion was due. (D.E. 60, p. 2 ("Wilson's deposition was commenced on Friday, September 24, 2010.")) At this deposition, Plaintiff admits facts were available that were relevant to summary judgment, specifically Mr. Wilson's reference to "our [teaming] agreement that was in place." (D.E. 60, p. 5.) Furthermore, Mr. Wilson's deposition concluded on October 15, 2010, more than three weeks before this Court entered summary judgment. (D.E. 60. p. 2.) It was thus apparent that facts from Mr. Wilson's deposition were "plainly available or easily discovered before summary judgment" was entered. See ICEE Distribs. Inc., 445 F.3d at 848. Plaintiff presents no valid excuse as to why it failed to present Mr. Wilson's testimony as summary judgment evidence before this Court entered summary judgment on November 8, 2010. Indeed, rather than file its response by the deadline and subsequently seek leave to amend, Plaintiff filed no response at all.[1]

     Second, Plaintiff admits that it agreed to recess Mr. Wilson's deposition because it was "convenient for Wilson." (D.E. 60, p. 2.) The Fifth Circuit has upheld a district court's denial of a motion to reconsider when the movant could not show that "knowledge of the[] events [relied on in the motion for consideration] was beyond [the movant's] reach before [summary judgment]." See ICEE Distribs. Inc., 445 F.3d at 848. Here, Plaintiff has not shown that the deposition testimony of Mr. Wilson was beyond its reach before summary judgment was entered. Indeed, Plaintiff admits that as early as September 24, 2010, prior to the response deadline, it had knowledge of testimony by Mr. Wilson that was relevant to summary judgment. (D.E. 60, p. 5.) Yet despite this knowledge, Plaintiff failed to file any response to the motion.

---

[1] As Plaintiff admits in its prior motion to reconsider, it did not respond because it believed the motion had been "abandoned" even though the docket sheet showed SmartNet never withdrew the motion and the Court never struck the motion. (D.E. 56.) Here, Plaintiff essentially seeks the same result as its previous Rule 60(b) motion for reconsideration, which this Court denied. (D.E. 57.)

Finally, Plaintiff does not have a valid excuse because even after agreeing to recess the deposition, Plaintiff failed to file any motion with the Court requesting an extension of the deadline to file a response. (D.E. 60.) The Fifth Circuit has emphasized the importance of "cutoff dates established by the district court in the orderly administration of the matters before it." Lowndes v. Global Marine Drilling Co., 909 F.2d 818, 819-20 (5th Cir. 1990). Courts cannot give parties free reign to extend the time to respond to motions without the courts' knowledge or permission. See id. Plaintiff could have easily filed a motion for leave or a motion to extend its deadline. Because this Court did not enter summary judgment until November 8, 2010, Plaintiff could have filed the motion after the deposition of Mr. Wilson concluded on October 15, 2010. (D.E. 55.) However, Plaintiff failed to file such a motion and has not provided the Court with any valid excuse for this failure. For these reasons, this Court finds that Plaintiff does not have a valid excuse for its failure to present evidence at the time of summary judgment. See ICEE Distributors, Inc. v., 445 F.3d at 847 ("[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.").

### III. Conclusion

For the reasons stated above, Plaintiff's Motion to Alter or Amend Judgment (D.E. 60) is DENIED.

SIGNED and ORDERED this 29th day of November, 2010.

_____
Janis Graham Jack
United States District Judge